UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE COSTA SOARES, | Case No. 5:24-cv-01276-TJH-PVC |
| Petitioner, | [RESPONDENT'S PROPOSED] **PROTECTIVE ORDER AND CLAWBACK ORDER** |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | |
| Respondent. | |

 Respondent, the United States Attorney General, moved for a protective order [ECF No. 35] to govern the treatment of confidential discovery in this case. After careful review, and finding good cause therefor, it is now ORDERED AND ADJUDGED that the motion is GRANTED as follows:

A. Purpose and limitations[1]

 Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use

---

[1] This proposed order includes language adapted from Judge Castillo's form stipulated protective order.

for any purpose other than this litigation may be warranted.  When undersigned counsel for Respondent consulted with Petitioner regarding his position on this Order, Petitioner stated, "I oppose the protective order. I want to expose myself as much as I can." Nevertheless, Respondent petitions the Court to enter the following Protective Order. Respondent acknowledges that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Respondent further acknowledges, as set forth in Section H.7, below, that this Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. Statement of Good Cause

1. Respondent expects that information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended (the Privacy Act), and information that is or may be protected by 8 C.F.R. § 208.6, will be disclosed to Petitioner during discovery and produced to the Court in pleadings, motions, and other documents. Specifically, Respondent represents that Respondent has possession of one or more alien files (hereinafter "A-files") of individuals who are or may be citizens or lawful permanent residents of the United States. These A-files may contain information that is discoverable, but Respondent believes that the files are protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended. These A-files also contain personal data identifiers that are subject to redaction under Local Rule 5.2-1. Relatedly, Respondent has possession of Petitioner's A-file, which contains identifying information, which is or may be discoverable, and which may contain identifying

information of individuals other than Petitioner. Respondent believes that this information is also protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, as amended and is subject to redaction under Local Rule 5.2-1.

2. Thus, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), and a clawback order pursuant to Federal Rule of Evidence 502(d), to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

C. Definitions

1. "Action" means the case *Andre Costa Soares v. Merrick B. Garland*, 5:24-cv-01276-TJH-PVC (C.D. Cal.).

2. "Challenging Party" means any party to this Action who challenges the designation of information as Confidential Information under this Protective Order.

3. "Confidential Information" means information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is (i) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), (ii) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., or

(iii) information protected by the Privacy Act or any other federal law, including, but not limited to information about a person regarding that person's education, financial transactions, medical history, criminal or employment history and that contains that person's name, or the identifying number, symbol, or other identifying articular assigned to the person, such as a finger or voice print or photograph.

4. "Designating Party" means the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information under this Protective Order.

5. "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" includes the covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization is considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" means all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7. "Expert" means  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

9. "Producing Party" means the person or Party producing in discovery in the Action.

10. "Professional Vendors" means people or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

medium, court reporters, interpreters, translators, investigators) and their employees and subcontractors.

11. "Protected material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

12. "Receiving Party" means any Party who receives information that has been designated as Confidential Information.

D. Purpose, Scope, and Limitations of Protective Order

1. This Protective Order applies to discovery, pre-trial, and post-trial proceedings in this action, whether the Documents are produced by a Party or a Non-Party.

2. The Parties may seek relief from the Court in connection with using Confidential Information in open Court at hearing or trial. Reference by the parties to confidential documents or information at trial, pursuant to an order entered by the Court as described in this paragraph, shall be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(11) or any other similar statutory provision governing disclosure. *See also* paragraph (E)(9) below (providing advance notice to Producing Party prior to use of Confidential Information in open court or in support of a dispositive motion). Other than as noted in this paragraph, this Protective Order does not govern the use by the parties of Confidential Information in open court at any hearing or trial.

3. Respondent may: (a) produce documents to Petitioner that are protected by the Privacy Act or any other statute, and Respondent's production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(11) so long as Respondent designated the documents as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER (or words to similar effect); and (b) produce

documents without redactions of Confidential Information. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

4. Nothing in this Protective Order supersedes other independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the parties from complying with such other obligations.

5. Notwithstanding any other provision of this Protective Order, a Producing Party remains free to assert that any applicable privilege entitles the Producing Party to withhold from production any document or any part of such document that the Producing Party contends is covered by privilege, provided that the Producing Party timely produces a privilege log to the Receiving Party that adequately describes the Document being withheld from production (whether in whole or in part) and the basis for asserting privilege. Any Party may apply to the Court for determination of the appropriateness of the privilege assertion in accordance with the Court's rules.

6. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with this Protective Order shall not operate as an admission that any material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

7. This Protective Order does not cover any information that: (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from

a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

8. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

9. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party follows the Court's procedures to seek and then obtain leave to file the un-redacted pleading or Document under seal.

10. Nothing in this Protective Order restricts the right of any Producing Party to use its own Confidential Information for any purpose whatsoever.

11. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

12. Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion or application to the Court in accordance with Court rules.

E. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all manner of appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

F. Method for Designating Confidential Information

1.  Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2.  The Designation of Confidential Information is limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(2) of this Protective Order.

3.  When appropriate, documents produced in discovery in this Action shall be designated as containing "Confidential Information" as follows:

    a.  For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER 5:24-cv-01276-TJH-PVC CDCA" or words to that effect on each page of the document asserted to contain Confidential Information, or on a cover sheet appended to the document.

    b.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER  5:24-cv-01276-TJH-PVC CDCA" or words to that effect.

    c.  The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER 5:24-cv-01276-TJH-PVC CDCA" or words to that effect unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as

Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the file-name(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following or words to that effect: CONFIDENTIAL pursuant to the Court's Protective Order dated MM/DD/YYYY (ECF No. XX).

5. Because this case may require the use of Confidential Information in litigation, deposition testimony shall automatically be deemed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, unless the parties stipulate otherwise or the Court rules otherwise in response to an appropriate motion. Documents that are designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, or words to that effect, including deposition transcripts and associated exhibits, may be disclosed to deponents who have been given a copy of this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A," in accordance with paragraph (E)(5) of this order.

6. For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or the item's container with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER  5:24-cv-01276-TJH-PVC CDCA" or words to that effect. If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all parties that it is withdrawing the designation for the applicable information.

G. Challenging Confidential Designations

1. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging, and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. If the challenged designation(s) total 100 pages or less, the Designating Party must communicate its decision to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge. For designation(s) totaling more than 100 pages, the parties, acting in good faith, shall agree on a reasonable time for the Designating Party to advise the Challenging Party of its decision.

4. If the Designating Party decides to withdraw its designation of a document or documents as Confidential Information, it shall give notice of this change to all parties.

5. If the Challenging and Designating Parties cannot come to a resolution concerning whether a document or documents should continue to be designated as Confidential Information within the time set forth in paragraph 3 above, or as otherwise agreed, the Challenging Party may seek a determination from the Court.

6. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

H. Disclosure, Use and Handling of Confidential Information

1. Upon designating documents as Confidential Information, Respondent is authorized to release such documents to counsel for Petitioner (or to the Petitioner directly if pro se) and the Court in this case, including documents from government files which contain discoverable, unredacted third-party Confidential Information, without obtaining written consent of the third parties whose names, addresses, and other Confidential Information may be present in such documents.

2. A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order. Put differently, a Receiving Party shall not use Confidential Information received in connection with this Action for any purpose other than prosecuting, defending, or attempting to settle this Action. Other than in Court filings and in open Court as the Court's rules and rulings may provide, a Receiving Party shall not disclose Confidential Information to third parties with no connection to this litigation such as, for

11

instance, by publishing the Confidential Information or making it available to the public.

3. The parties and their counsel are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

4. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel; as well as to any pro se Receiving Party;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Confidential Information;

   d. Current employees of the Producing Party;

   e. Current employees of other federal agencies involved in this litigation, including, but not limited to the Department of Homeland Security and the Department of State, who have been advised of their obligations hereunder;

   f. Witnesses, potential witnesses, and deponents, including their counsel;

   g. Professional Vendors and other persons not employed by this Court, retained to translate and record or transcribe testimony or argument at interviews or depositions in connection with this Action;

   h. Photocopying, data processing, and other support services that are

12

reasonably necessary to litigation in this Action;

    i.  Retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

    j.  Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

    k.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action; and

    l.  Any other person agreed to by the parties;

    m.  Other Professional Vendors relied upon by either Party in furtherance of this litigation.

5.  Disclosure to the persons referenced in subsections (E)(4)(f)-(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

6.  Persons receiving Confidential Information under this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

7.  Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be either: (a) filed under seal or *in camera* in accordance with, and if the Court grants leave to do so, Civil Local Rule 79-5 and any other applicable procedures, or (b) redacted from any filing that is publicly available. However, the parties are not required to

follow such filing requirements when a brief or memorandum merely cites documents marked as CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER  5:24-cv-01276-TJH-PVC CDCA (or words to that effect) without revealing Confidential Information, or references information contained within documents marked CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER  5:24-cv-01276-TJH-PVC CDCA (or words to that effect) without revealing Confidential Information.

    a.  No document shall be filed under seal unless counsel secures a Court order allowing the filing of a document, or portion thereof, under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If the Court denies a Party's request to file Protected Material under seal, then the Receiving Party may file the information on the Court's public docket if it is otherwise appropriate to do so unless otherwise instructed by the court.

8.  If a Party or anyone else subject to this Protective Order receives a subpoena under <u>Federal Rule of Civil Procedure 45</u> (or an equivalent mechanism under state law) ("subpoenaed person") seeking Confidential Information as designated in this Action, the subpoenaed person shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a

subpoenaed person to disobey a lawful directive from this or another court. If Confidential Information is produced to a non-party to this Order in response to a subpoena, such Confidential Information shall continue to be treated in accordance with the designation as Confidential by the parties to this Order.

9. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

10. During the pendency of this Action, the Court shall retain jurisdiction over this Order, and persons who receive Confidential Information shall be subject to this Order, including any proceedings relating to their performance under, or compliance with, this Order.

I.  Inadvertent Production of Confidential Information

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this

Protective Order; (b) promptly make all reasonable efforts to obtain the re-
turn of the Confidential Information and to prevent further unauthorized dis-
closures of the Confidential Information, including requesting the person
who received the unauthorized disclosure to agree to be bound by this Pro-
tective Order by executing a the form attached as "Exhibit A"; and (c) within
five (5) calendar days notify the Producing Party and all other parties of the
identity of the person(s) to whom the unauthorized disclosure was made, the
circumstances surrounding the disclosure, and the steps taken to prevent any
use or further disclosure of the Confidential Information that was the subject
of the unauthorized disclosure.

J.   <u>Disposition of Documents Containing Confidential Information</u>

1.   Except as provided in this Protective Order, within 90 days after the final
     termination of this Action, whether by settlement, judgment, or other dispo-
     sition or conclusion and all appeals or opportunities to appeal therefrom, a
     Receiving Party shall take reasonable steps either to (a) destroy or delete all
     items designated as Confidential Information or (b) return them to the Desig-
     nating Party, depending upon the Designating Party's stated reasonable pref-
     erence, except materials that exist on back-up tapes or similar systems. Ma-
     terials that exist on back-up tapes, systems, or similar storage need not be
     immediately deleted or destroyed, and, instead, such materials shall be over-
     written and destroyed in the normal course of business. Until they are over-
     written in the normal course of business, the Receiving Party will take rea-
     sonable steps to limit access, if any, to the persons necessary to conduct rou-
     tine information technology ("IT") and cybersecurity functions. While dis-
     posing of information in its possession under this paragraph, the Receiving
     Party also will take reasonable steps to notify persons to whom it distributed
     Confidential Information pursuant to this Order that such information should

be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this and any related Actions, this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a Court order directs.

    c. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

K.   <u>Inadvertent Disclosure And "Clawback" of Privileged Information</u>

1.  The Court orders under Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding, as elaborated below in this Protective Order.

2.  This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall addresses whether any document that was or will be disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any Party is entitled to assert such privileges. Additionally, nothing in this Order prohibits the Parties from withholding from production any document covered by any applicable privilege or other protection.

3.  The parties intend that this Order shall displace Federal Rule of Evidence 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a Party's right to conduct a pre-production review of documents as it deems appropriate.

4.  The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

a. If a Receiving Party discovers a Document, or part thereof, produced by a Producing Party appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. Upon confirmation from the Producing Party that the identified Document contains Confidential Information and request to comply with this Order ("Privilege Notice"), the Receiving Party must return the Document or destroy it and certify that it has been destroyed to the Producing Party. The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document. If a Receiving Party disclosed the Document before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document. In addition, the Receiving Party may not use that Document for any purpose. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

b. If in connection with this Action a Producing Party determines that a Document containing Privileged Information, or part thereof, was produced by the Producing Party, the Producing Party shall provide notice to the Receiving Party. The notice must contain information sufficient to identify the Document, such as a Bates number or other identifying information. The Receiving Party must promptly—within five (5) days—return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party that the Document(s) and copies have been destroyed. The Receiving Party must sequester any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice

before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

c. Within fourteen (14) calendar days of the notification that disclosed information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party shall produce a privilege log with respect to the Documents or portion thereof included in the notification.

d. Upon receiving the notification, if a Receiving Party wishes to dispute a Producing Party's notification, the Receiving Party shall promptly— within five (5) days—meet and confer with the Producing Party. The Document(s) shall be sequestered immediately upon receiving the notification and not be used by the Receiving Party in the Action (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may move for a judicial determination of the privilege claim. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

e. The Producing Party retains the burden of establishing the privileged or protected nature of any produced Privileged Information. Nothing in this Order limits the right of any Party to petition the Court for an order compelling production of such disclosed Document(s) or to request an in camera review of the disclosed information or Document.

f. Pending resolution of the judicial determination concerning the validity of a privilege assertion, the Parties shall refrain from using the challenged information for any purpose and shall not disclose it to any

person other than those required by law to be served with a copy of the motion to the Court. The Receiving Party's motion challenging the privilege assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

g.  If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, IT systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. Receiving Parties shall also remain bound by the Protective Order in this Action as long as such information is retained on any of the Receiving Party's systems, and the information must be treated in conformity with this Protective Order.

L.  Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

_____
HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

Dated: Nov. 7, 2024

21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANDRE COSTA SOARES,

          Petitioner,

          v.

MERRICK B. GARLAND,
U.S. ATTORNEY GENERAL,

          Respondent.

Case No. 5:24-cv-01276-TJH-PVC

## **EXHIBIT A**

1. My name
   is_____

2. I have read the Protective Order in this case, and a copy of it has been given
   to me. I understand the Protective Order, and agree to comply with and to be
   bound by it. I also consent to the jurisdiction of this Court for purposes of
   enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this        day of _____ by

_____
(Print Name)

Signed_____